FERDINAND VASSAULT *v.* CHRISTY SEITZ *et als.*

ADVERSE POSSESSION.—A finding that at a certain time the defendant received a deed of a tract of land, and from that time forward continued in the actual exclusive adverse and notorious possession of the land, and had the same protected by a substantial inclosure, is a finding of an adverse possession.

WAIVER OF DEFENSE OF STATUTE OF LIMITATIONS.—If the defendant pleads the Statute of Limitations, and the Court finds an adverse possession of five years, the Supreme Court will not presume that the defense of the statute was waived, unless the record shows such waiver.

DEFENSE OF STATUTE OF LIMITATIONS.—If the Statute of Limitations is pleaded, and the Court finds all the facts necessary to sustain this issue, and gives judgment for the party pleading it, the fact that the prevailing party did not urge the statute in his argument in the Court below, does not preclude him from raising it in the Supreme Court.

JUDICIAL NOTICE OF PENDENCY OF ANOTHER ACTION.—Neither the Supreme Court nor a District Court will take judicial notice that proceedings were pending in the United States Court for the final confirmation of a pueblo title, where the record does not show that fact.

STATUTE OF LIMITATIONS AS TO MEXICAN GRANT.—Where the plaintiff in ejectment claims under a title derived from the Spanish or Mexican Government, and the defendant relies on and shows five years adverse possession, it is incumbent on the plaintiff to prove that proceedings for a final confirmation are pending, or

that the title has been finally confirmed within five years before the commencement of the action, in order to defeat the bar of the Statute of Limitations.

PLEADING OF AND PROOF OF THE PROVISO TO SECTION SIX OF STATUTE OF LIMITATIONS.—When the Practice Act required a replication to new matter set up in the answer, and the defendant pleaded five years adverse possession, the plaintiff, if he claimed under title derived from the Mexican Government, could not prove that proceedings for a final confirmation were still pending, or that five years had not elapsed since a final confirmation, unless he stated the same in his replication.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

This was an action to recover possession of a lot at the corner of Second and Mission streets, City of San Francisco. On the first day of March, 1849, T. M. Leavenworth was the owner of the lot, having acquired title under an Alcalde's grant, and on that day mortgaged the same to Andrew Hoeppner to secure a debt of seven thousand dollars. On the seventh day of November, 1849, Leavenworth conveyed the lot to Wm. C. Parker, who, on the 27th day of November, 1850, conveyed to J. D. Stevenson. The plaintiff claimed title under a conveyance made to him by Stevenson in 1858. On the 17th of April, 1850, Isaac Montgomery, who had become the assignee of the Leavenworth mortgage and debt, commenced an action to foreclose the mortgage, and obtained a judgment on the 15th day of January, 1851. The property was sold by the Sheriff on the judgment, and a Sheriff's deed executed on the 14th day of April, 1851. Seitz claimed title under this judicial sale. The plaintiff claimed that the foreclosure and sale were void.

The title derived from the Sheriff's sale had once been in one Susan Smith, and she, by her attorney in fact, in 1852 conveyed the same to Barney Hinckley. Afterwards, on the 12th day of January, 1859, she executed to F. La Grange a quitclaim deed of the lot, and the plaintiff had acquired by mesne conveyances whatever passed by this deed.

The defendants recovered judgment in the Court below, and plaintiff appealed.

The other facts are stated in the opinion of the Court.

*Edward Tompkins*, for Appellants, argued that the finding of the Court that Seitz had been in the open, exclusive, and notorious adverse possession of the lot, claiming to be the owner, and had it inclosed, etc., was not a finding; that the Statute of Limitations was a bar to the action, and that if it was, the Court would take judicial notice that the Circuit Court of the United States had, within the last year, established by its decree that the premises in controversy were within the limits of the pueblo, and that the Statute of Limitations could not be raised for the first time in the Supreme Court, even though it was pleaded below.

*Spencer & Jarboe*, for Respondent, argued that the finding of the Court and the plea constituted an absolute bar, and as there was no evidence taking the case out of the statute, the bar was perfect.

By the Court, RHODES, J.:

The record in this case is quite voluminous, and very many points are raised, which counsel have argued quite fully, and with more than ordinary industry and ability. There is one point presented by the defendants that is fatal to the plaintiff's case—the point in relation to the Statute of Limitations. The counsel for the plaintiff earnestly insists that there is nothing in the findings in relation to the Statute of Limitations; that it was expressly conceded that the premises were within the pueblo limits, and that the statute had no application; that had the point been urged in argument, the requisite proof would have then been offered by the plaintiff; that the point is raised for the first time in this Court; that this Court will take judicial notice of the fact that the Circuit Court of the United States has, within the last year, established by its decree that the premises are within the limits of the pueblo, and that the plaintiff claimed under an Alcalde grant, which, from its nature, implies that the plaintiff claims under title derived from the Spanish or Mexican Government.

The pleadings are not set out at length, but the substance is stated; and it appears from the abstract that the answer contains, among other things, "a good and sufficient plea as to all of the defendants of the Statute of Limitations of five years." We have examined the transcript with much care, but without success, to find anything indicating a waiver of this defense; and we think that if such had been the understanding of both parties, the statement that the defendant pleaded the statute, would not have been found in the record. There are also other matters in the transcript, strongly indicative of an intention to rely on the statute. There is an amendment to the transcript, showing the time of the commencement of the action, that seems to have no bearing on any question except the Statute of Limitations. In the finding, which the plaintiff's counsel intimates was drawn by the defendants' counsel, it is stated that in September, 1852, Hinckley conveyed the premises to Seitz, that the deed was in the same month duly recorded, "from which time forward said Seitz continued in the actual, exclusive, adverse and notorious possession of said lands, claiming to be the owner, and during all such time had said lands protected by a substantial inclosure, and actually occupied the same by himself and tenants, and since A. D. 1865, said lands have been covered with buildings occupied by said Seitz and his tenants." This is a clear and distinct finding of the adverse possession of the defendant Seitz. And if it does not relate to and have a direct connection with the Statute of Limitations as set up in the answer, we can see no possible purpose it subserves in the action.

We have no means of ascertaining from the record whether it is true, as the counsel for the plaintiff insists, that the point was not urged in argument in the District Court by the counsel of the defendants; but admitting it to be true, no rule is suggested by which a party is for that reason precluded from availing himself of every fact in issue found in his favor. The position that the point cannot be raised for the first time in this Court, has no application here. Had the Court rendered

judgment for the plaintiff, notwithstanding the evidence was such as to require a finding in favor of the defendants on the issue of the Statute of Limitations, and had they, in moving for a new trial, omitted to state that point as one of the grounds of their motion, then it might well be said, as was done in *McDonald* v. *Bear River Company*, 13 Cal. 221, that the point could not be raised for the first time in this Court. But where the defendants plead the statute, and the Court finds all the facts necessary to sustain the issue on their part, and gives judgment in their favor, and the *plaintiff* appeals, there is no room for saying that they did not raise the point in the Court below. The doctrine has no application in such a state of the record.

The case shows that the premises are within the limits of the pueblo, and that the plaintiff claims title under an Alcalde grant, but that is not enough to fill the requirements of the proviso to the sixth section of the statute, for the statute runs unless proceedings are pending for the final confirmation of the title. It is urged that this Court will take notice of the decision of the Circuit Court of the United States, rendered after the judgment in this case, by which it was determined that the premises in controversy were within the limits of the pueblo; but if that position can be maintained—though we think it cannot—it is of no avail to the plaintiff, unless there can be deduced from it the principle that the District Court was bound to take notice of the pendency of the proceedings for confirmation in the Federal Courts. That position cannot be maintained, and we scarcely think it will now be contended for. In *Mulford* v. *Le Franc*, 26 Cal. 88, the premises were within the pueblo limits, and the same was the fact in *Davis* v. *Perley*, 30 Cal. 630; and in neither case did the Court take judicial notice of the pendency of the proceedings for confirmation, and as the plaintiff in each case failed to show that such proceedings were pending, it was held that the Statute of Limitations was applicable. In the latter case, in noticing the point made in the petition for rehearing, that the statute did not begin to run, because of the pendency of proceedings

for confirmation of the title of the city, we held that the Court would not take judicial notice of that fact. In passing upon the case at first, we thought, as we still do, that the question was so free from doubt that it would not admit of argument.

The argument of counsel drawn from the fact that the plaintiff claims under title derived from the Spanish or Mexican Government, is effectually disposed of in another mode. In the abstract of the pleadings it is stated that " the replication traversed the new matter of the answer," but it is not stated, and we are not authorized to presume, that the replication contained any new matter—matter in avoidance of the answer. When the plaintiff relies upon the proviso to the sixth section he must prove the facts upon which the proviso is called into action—that is to say, he must deduce his title from the Spanish or Mexican Government, and show that proceedings for the final confirmation of the title are still pending, or that it has been finally confirmed within five years before the commencement of the action. The defendant, as we held in *Richardson* v. *Williamson*, 24 Cal. 297, may rest upon proving his adverse possession for the period of five years before the commencement of the action. The *prima facie* case of the plaintiff being thus defeated, the burden is cast upon him to prove the state of facts that will bring him within the proviso, and in that manner avoid the defense. Proof that he derives title from the Spanish or Mexican Government will not suffice by itself, any more than would proof that proceedings for confirmation were pending, without evidence connecting him with the title that was in process of final confirmation. To enable him to prove the facts that entitle him to the protection of the proviso, he should state them in his replication. While the provisions of the Practice Act requiring a replication to the new matter of the answer were in force, the plaintiff was under the same rule · to reply the facts mentioned in the proviso, if not stated in the complaint, that the defendant was to plead the statute, and this, too, for the same reason in either case, because it was new matter, and must be pleaded to entitle the party to prove it. Stating the matter in its simplest

terms, the case is this: the defendants rely upon the bar of the Statute of Limitations, and the Court has found the facts necessary to sustain their answer in this respect; and the plaintiff failed to state, and the Court therefore was not authorized to find, and did not find, the facts, which, according to the proviso, would prevent the running of the statute.

Judgment affirmed.

SAWYER, J., concurring specially:

Upon the case as presented in the record, I think it clear that the judgment must be affirmed on the grounds stated in the opinion of Mr. Justice Rhodes, without reference to the other questions presented by the record and discussed by counsel. I therefore concur.