[No. 18418.    Department Two.—March 13, 1895.]

S. T. LEWIS, APPELLANT, *v.* THOMAS BURNS ET AL., RESPONDENTS.

HUSBAND AND WIFE—COMMUNITY PROPERTY—EVIDENCE—DECLARATIONS
—RES GESTÆ.—In a controversy between a husband and the donees of his wife concerning lots which were conveyed to the wife by an employer of the husband and wife, who built houses upon the lots, and who was dead at the time of trial, the declarations of the grantor in corroboration of the plaintiff's testimony that the property was community property at the time of the purchase of the lots, and when he was building the houses thereon, and as to the character in which the purchases were made, and the terms and conditions upon which he was building the houses, though not made in the presence of the wife, are admissible in evidence as illustrative of his intent, and as forming a part of the *res gestæ*.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial.

The facts are stated in the opinion.

*James A. Louttit,* for Appellant.

*Baldwin & Thompson,* and *Minor & Ashley,* for Respondents.

SEARLS, C.—This is an action to quiet title to two certain lots of land situate and being in Stockton, California.

Defendants had judgment, from which and from an order denying his motion for a new trial plaintiff appeals.

At the trial the evidence showed without contradiction that the plaintiff and Bridget Burns intermarried in 1873, and remained husband and wife until 1892, when the latter died.

About 1877 plaintiff and his wife removed to Stockton, where they lived and kept house, the plaintiff having at the time several horses, a couple of wagons, etc., with which he labored.

Probably about 1881 plaintiff and his wife were both employed by one De Blainville, a merchant, the former clerking in the store and the latter doing housework and cooking.

In 1882 De Blainville procured lot No. 15 in block No. 33, east of Center street, Stockton, to be conveyed to the wife of plaintiff. The consideration mentioned in the deed was two hundred and fifty dollars. De Blainville also had a house built upon the lot, for which he paid.

In 1885 De Blainville had another lot (No 10 in block 24) purchased for sixteen hundred and fifty-six dollars and five cents, and conveyed to the wife of said plaintiff, upon which a house was also built by him, he advancing the entire expense.

On the sixteenth day of October, 1890, Bridget Lewis, wife of the plaintiff, conveyed the two lots above mentioned to Thomas Burns and Mary Hearlihy (her brother and sister) reserving to herself during her life the rents, issues, and profits thereof. There was no valuable consideration for this conveyance.

Plaintiff was a dissipated man and was finally discharged by De Blainville, but at what precise time does not appear. It may be inferred, however, that he was in the service of the latter a year or two. His wife continued in the service of said De Blainville until the death of the latter, which probably occurred about 1889, although the date is not fixed, except inferentially. The vital question at the trial was as to whether the lots were a gift from De Blainville to the wife of plaintiff, or whether in purchasing them De Blainville acted as the agent of the plaintiff and his wife and as their adviser, and was reimbursed by them for the advances made. Upon this question the conflict occurred in the evidence.

The testimony of plaintiff was, in substance, that while they lived with De Blainville he was their friend and adviser, retained their wages, and advised them as to investments, and acted for them in the purchase of the lots. That the first lot purchased was paid for with the proceeds of his horses, wagons, etc., sold from time to time, and from their wages. That by the advice of De Blainville the deeds were taken in his wife's name, but for and as community property. That the second lot purchased was in fact paid for by De Blainville, who was repaid a few days later by the proceeds of a mortgage for fifteen hundred dollars upon both lots, executed by himself and wife, and such mortgage was in evidence, as well as a deposit to De Blainville's bank account, the day after the date of the mortgage, for fifteen hundred dollars.

In corroboration of plaintiff's testimony, De Blainville being dead, plaintiff's counsel sought to prove, by sundry witnesses, declarations of said De Blainville about

the dates of the purchases and when he was building the houses on the lots, as to the character in which he made such purchases and the terms and conditions upon which he was building the houses.

These declarations, not having been made in the presence of the deceased wife of plaintiff, were objected to by counsel for defendants, the objections sustained by the court, to which several rulings counsel for plaintiff excepted, and the rulings are assigned as error.

Section 1849 of the Code of Civil Procedure provides that the declarations, acts, or omissions of a grantor of real estate made while an owner shall be admissible against his grantee.

Section 1850 is as follows: "Where also the declaration, act, or omission forms part of a transaction, which is itself the fact in dispute, or evidence of that fact, such declaration, act, or omission is evidence as part of the transaction."

This section of the code is little more than declaratory of a rule of evidence long previously recognized.

"The declarations of a party while engaged in the performance of an act, and illustrating the object and intent of its performance, are admissible in evidence." (*Tait* v. *Hall*, 71 Cal. 149.)

It would be more accurate to say that, where the act may have been prompted by one of two or more motives or objects, the declarations of the actor made at the time and illustrative of the motive or object are admissible in evidence.

In *Scott* v. *Berkshire County Savings Bank*, 140 Mass. 157, where the question was whether one who made deposits in a savings bank in the name of another, and kept the books, meant to make a gift of the deposit, it was held that evidence of her declarations, while so holding the books, was competent on the question whether she intended to make a gift.

In the present case the ultimate fact to be reached did not differ materially from that sought in the case last above referred to, and the declarations of De Blain-

ville as to his intentions in the premises, made at the time when he purchased the lots and constructed houses upon them illustrative of his intent, formed a part of the *res gestæ*, and were admissible in evidence.

It follows that the court erred in striking out evidence and in refusing to admit evidence upon the point indicated, for which errors the judgment and order appealed from should be reversed and a new trial had.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and a new trial had.

McFARLAND, J., TEMPLE, J., HENSHAW, J.