[S. F. No. 7907. Department One.—March 4, 1918.]

## FRANK L. TAINTER, Appellant, v. BRODERICK LAND AND INVESTMENT COMPANY, Respondent.

FRAUD ON CREDITORS—TRANSFER OF PROPERTY—CONSTRUCTION OF SECTION 3442, CIVIL CODE.—Section 3442 of the Civil Code, providing that a transfer of property without valuable consideration by a party while insolvent, or in contemplation of insolvency, shall be fraudulent and void as to existing creditors, has no application to a case where the party was not an existing creditor at the time of the transfer and there is no allegation that at that time the debtor was either insolvent or in contemplation of insolvency.

ID.—ACTION TO SUBJECT REALTY TO CLAIM—PLEADING—INSOLVENCY.—In an action to subject certain real property to the claim of a

creditor of one who is alleged to have transferred it to a corporation for the purpose of defrauding his creditors, an allegation in the complaint that the debtor "is insolvent" relates to the time of the beginning of the action, and where the record shows that the action was begun at least six years after the transfer was made, the allegation was insufficient to show that the debtor was insolvent or in contemplation of insolvency at the time of the transfer.

ID.—ALLEGED TRUST—INSUFFICIENCY OF COMPLAINT.—In such an action, where the complaint alleged in effect that on a certain date a certain person was the owner of the property in question and that it was agreed between him and others that a corporation should be organized for the purpose of saving said property from his creditors, that he should remain in possession thereof and use the property as his own, and that the title should be transferred to the corporation without consideration, which things it was alleged were carried out in pursuance of the agreement, and that but for said "resulting trust in his favor, and said ownership of said property, the grantor is wholly insolvent," and it was further alleged that plaintiff recovered a judgment against the grantor upon a demand for money advanced after the conveyance to the corporation, which judgment is wholly unpaid, execution thereon having been returned unsatisfied, such complaint does not allege facts showing any trust in the property in favor of the debtor or his creditors.

TRUSTS IN REALTY—SECTION 847, CIVIL CODE.—By section 847 of the Civil Code it is declared that trusts in real property are those only which are specified in title IV of part II of division second of the Civil Code.

ID. — CONSIDERATION FOR TRANSFER — SECTION 853, CIVIL CODE.—The trust provided for by section 853 of the Civil Code arises only where there is a consideration paid; and an allegation that there was no consideration for a transfer alleged to have been made to defraud creditors takes the case out of the provisions of that section.

ID.—CONVEYANCE WITHOUT CONSIDERATION.—A conveyance without consideration creates no trust in favor of the grantor.

ID.—INVOLUNTARY TRUST.—An involuntary trust arises when one wrongfully detains a thing from the owner, or gains a thing by fraud, accident, mistake, or undue influence, the violation of a trust, or other wrongful act.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Geo. E. Crothers, Judge.

The facts are stated in the opinion of the court.

Arthur Crane, for Appellant.

James H. Boyer, for Respondent.

SHAW, J.—The demurrer to the complaint was properly sustained. The object of the action was to subject to the payment of the plaintiff's judgment certain real estate standing in the name of the defendant corporation.

The complaint alleges that on June 10, 1908, Dudley was the owner of the property; that Dudley, Upham, and Meigs agreed to organize a corporation for the purpose of saving said property from Dudley's creditors, and providing that Dudley should remain in possession thereof, and that the title should be transferred to the proposed corporation without consideration, and for the purpose of defrauding Dudley's creditors; that in pursuance of said agreement said defendants caused the defendant corporation to be incorporated, and on July 13, 1908, caused Dudley to convey said property to said corporation "without consideration, and for the purpose of changing the legal title only"; that Dudley continued in possession of the land thereafter and used, and still uses it as his own, and that said corporation holds the legal title thereto for and on behalf "of its true owner, said E. C. Dudley"; that but for said "resulting trust in his favor, and said ownership of said property, said defendant, E. C. Dudley *is* wholly insolvent." It further alleges the recovery of a judgment by Tainter against Dudley on October 8, 1914, and that the same was given upon a demand for money advanced after the conveyance to said defendant corporation by Dudley, and that said judgment is wholly unpaid. Execution had been issued thereon and returned wholly unsatisfied.

Section 3442 of the Civil Code provides that a transfer of property without valuable consideration "by a party while insolvent or in contemplation of insolvency, shall be fraudulent, and void as to existing creditors." As the plaintiff was not an existing creditor of Dudley at the time of this transfer, and as there is no allegation that at the time of said transfer Dudley was either insolvent or in contemplation of insolvency, this provision has no application to this case. (*Atkinson* v. *Western D. Syndicate*, 170 Cal. 506, [150 Pac. 360]; *Bull* v. *Bray*, 89 Cal. 286, [13 L. R. A. 576, 26 Pac. 873].) The allegation is that he "is insolvent." This relates to the time of the beginning of the action. The record does not show the date of the beginning of the action. The complaint in question is the third amended complaint. But

as the judgment recovered by plaintiff was given in October, 1914, which must necessarily have been prior to the beginning of the action, while the transfer was made in July, 1908, it is apparent that there is no allegation that Dudley was insolvent or in contemplation of insolvency at the time of the transfer.

The appellant contends that the allegations of the complaint are sufficient to show that a resulting trust in the property exists in favor of Dudley, and therefore that the plaintiff may avail himself of Dudley's interest in the property and subject the same to his judgment. The facts alleged do not show the existence of any resulting trust. By section 847 of the Civil Code, it is declared that trusts in real property "are those only which are specified in this title." The only trust mentioned that bears any resemblance to the trust claimed in this case is that provided in section 853, that "when a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made." Such a trust arises only when there is a consideration paid. The allegation that there is no consideration takes the case out of the provisions of that section. The only other trust which could exist under the code is that declared by the third subdivision of section 852, that is, trusts created by operation of law. There are no allegations sufficient to constitute a trust created by operation of law. Such a trust is designated as "a voluntary trust." (Civ. Code, sec. 2217.) An involuntary trust arises when one wrongfully detains a thing from the owner (section 2223), or gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act. (Section 2224.) There are no allegations in the complaint to show that the corporation gained the property by any of these means. A conveyance without consideration creates no trust in favor of the grantor. (*Tillaux* v. *Tillaux*, 115 Cal. 668, [47 Pac. 691]; 1 Perry on Trusts, sec. 162.) Hence, there is no showing of any trust estate in Dudley which could be reached either by him or by the plaintiff as his creditor.

The judgment is affirmed.

Sloss, J., and Richards, J., *pro tem.*, concurred.