[Civ. No. 4945. First Appellate District, Division Two.—October 27, 1924.]

## A. B. RODRIGUEZ, as Special Administrator, etc., Respondent, v. MELQUICIDEC J. RODRIGUEZ, Appellant.

[1] QUIETING TITLE — CONVEYANCE IN TRUST — EVIDENCE — DECLARATIONS OF DECEASED GRANTOR.—In an action by a special administrator to quiet title to certain real property which had been conveyed by the deceased, during his lifetime, to defendant, his brother, it is not error to admit in evidence declarations of the deceased made without the presence of defendant, before the execution of the deed in question, where such declarations were made by the deceased at the very time that he was engaged in arranging the transfer in litigation; neither is it error to admit in evidence declarations of the deceased made after said deed had been executed, where such declarations were made in the presence of defendant.

[2] ID.—PRIMA FACIE CASE—BURDEN OF REBUTTAL.—In such an action, after the plaintiff has established a *prima facie* case under the provisions of section 2235 of the Civil Code, the duty then rests on the defendant to take up the burden of proof and show, if he can, that the transaction was fair, just, and equitable to the deceased; and reversible error may not be predicated upon the mere fact that plaintiff, after making out a *prima facie* case, assumes a burden he is not bound to assume, by introducing in evidence the conversations of the parties for the purpose of showing what the transaction was.

[3] ID. — VIOLATION OF CONFIDENTIAL TRUST — INVOLUNTARY TRUST — PLEADING.—In such action, the plaintiff having pleaded that the transaction between the deceased and defendant was one between a beneficiary and a trustee, and that the trustee held the property in violation of a confidential trust, those allegations pleaded an involuntary trust.

[4] ID. — EVIDENCE — FINDINGS — JUDGMENT — DISCRETION — APPEAL. In this action by a special administrator to quiet title to certain real property which had been conveyed by the deceased to defendant, his brother, the appellate court could not say that

1.  See 1 R. C. L. 474; 10 Cal. Jur. 1092, 1110.
2.  See 26 R. C. L. 1368.
3.  See 26 R. C. L. 1249.

the trial court committed an abuse of discretion in finding in favor of plaintiff; on the contrary, the judgment entered seemed to have been the only proper judgment under the circumstances disclosed by the record.

(1) 39 **Cyc.**, p. 159. (2) 4 **C. J.**, p. 916, sec. 2887; 18 **C. J.**, p. 422, sec. 502, p. 427, sec. 511. (3) 39 **Cyc.**, p. 623. (4) 4 **C. J.**, p. 885, sec. 2855.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Benjamin K. Knight, Judge. Affirmed.

The facts are stated in the opinion of the court.

William A. Kelly for Appellant.

Rodolph Hatfield for Respondent.

STURTEVANT, J.—The trial court awarded a judgment against the defendant quieting the title to a small farm located in Santa Cruz County and from that judgment the defendant has appealed under section 953a of the Code of Civil Procedure.

Alfred Rodriguez, the deceased, Frank O. Rodriguez, the defendant, Melquicidec J. Rodriguez, A. B. Rodriguez, and Santa Arana were brothers and sisters, and Charles Warden, Lucille Warden, and Lizzie Warden Marini were nephews and nieces of the above-named persons, and the family relations existing among them seem to have been altogether friendly. The deceased had been the owner of the farm in question for twenty years or longer. The county of Santa Cruz instituted proceedings to condemn a right of way for a public road across the farm and the deceased became very much excited and worried over the condemnation proceedings. He employed Mr. Charles B. Younger to act as his attorney in the condemnation proceeding, but continued, nevertheless, to worry and fret regarding the outcome of that litigation. Later he became obsessed with the opinion that if he should deed the farm to someone else that said act on his part would defeat the condemnation proceeding. So entertaining the opinion above stated, he called on his sister, Mrs. Arana, on December 19, 1915. She testified that he asked her for permission to deed the farm to her. She

declined to allow him to do so, saying that she had too many responsibilities, and thereupon he asked her to telephone to the defendant to come to Santa Cruz that he might lay the matter before him. She did so and the defendant stated that he would call the next day. Accordingly, on December 20th, the defendant went to Santa Cruz and at the railroad station he was met by the deceased. The appellant testified that the deceased stated that he wanted to transfer his property to him. He did not say why. The appellant asked no questions. Together the two went to Mr. Younger's office and Mr. Younger wrote out a grant, bargain, and sale deed, by the terms of which the deceased conveyed to the defendant the title to the entire farm. At that time the deceased was in possession of the farm and remained in possession of the farm until his death. In the month of February, 1916, approximately three months after receiving title, the defendant settled the highway problem with Santa Cruz County and received three hundred dollars, which he immediately paid to the deceased. It is stipulated in the record that no consideration for the deed passed from the defendant to the deceased. So far as the record discloses, no one was present at the oral conversation had between the defendant and his deceased brother before they appeared in Mr. Younger's office. When they were in his office Mr. Younger testified that the deceased made no statements as to why he was making the deed nor the terms on which he was making the same. The witness said he asked the deceased if, in his Spanish way, he thought by conveying the property to someone else he was doing away with the lawsuit, or would cause the county to bring another suit, and the deceased stated that such was not the reason that he was conveying the property. But he did not state what was his reason. The witness said that he assumed that the grantor asked him to make the deed, but the grantee had quite as much to say about it as the grantor. The witness further testified that he did not draw any other papers on that occasion. After the deed was executed the grantee and grantor took it to the recorder's office. Later the two brothers went to the house of Mrs. Arana to abide the time of the departure of the train which would take the defendant back to his home. Mrs. Arana and her niece, Mrs. Marini, who was a member

of the household, testified as to some conversations that occurred there that day. Mrs. Marini testified: "A. Yes, I was present there all the time. Q. When your Uncle Mel and Uncle Alfred came there? A. Yes. Q. Will you please state what you heard said between your two uncles at that time with reference to this transaction? A. I heard nothing only that my Uncle Alfred said it was all over, and he looked at grandma and he looked at my Uncle Mel, and he said, 'Remember what I told you about her,' and he pointed at my aunt, rather, and my uncle said, 'Yes, yes.' That's all there was said about it."

[1] In support of his appeal the appellant contends that the trial court erred in admitting in evidence the declarations of the deceased. In that behalf the appellant contends that the trial court erred in admitting in evidence declarations of plaintiff's intestate made in the presence of Mrs. Arana and Mrs. Marini, without the presence of the defendant, before the execution of the deed in litigation. It will be noted that those declarations were made on the day before the deed was made, but it will also be noted that the declarations were made by the deceased at the very time that he was engaged in arranging the transfer which is in litigation. The court did not err in receiving such declarations in evidence. (Code Civ. Proc., sec. 1850; *Lewis* v. *Burns,* 106 Cal. 381, 384 [39 Pac. 778].) Other declarations of the deceased made at the home of Mrs. Arana in the presence of the defendant, but after the deed had been executed, were also received in evidence over appellant's objection. As the defendant was present and heard the statements, the statements were admissible in evidence. (Code Civ. Proc., sec. 1870.) Some declarations made by the deceased after the deed had been executed and at a time when the defendant was not present were recited by certain witnesses, but on objection made the trial court struck out the objectionable material and such material is not before the court.

[2] That the evidence objected to was properly admitted in the instant case is patent when we come to consider the case as pleaded and proved by the respondent. It will not be contended that because two persons are brothers a confidential relation exists; however, that relationship is one circumstance to be considered. In the case before us the

defendant testified that at one time the deceased held the title to appellant's property as the agent of the appellant. Mrs. Arana testified that before the deed was executed the deceased came to her and asked her to take and hold the title to the property for the purpose of preventing, or delaying, the condemnation proceedings. When she declined to do so he asked her to telephone to the defendant to come to him immediately. All of the evidence shows that the defendant did so. After the deceased and the appellant met no third person heard the conversation that occurred. But a short time after the defendant arrived the deceased executed a deed conveying practically all of his property to the defendant, and it is a stipulated fact that no consideration moved from the defendant to the deceased. Having made that showing, the plaintiff had established a *prima facie* case under the provisions of section 2235 of the Civil Code. The duty then rested on the defendant to take up the burden of proof and show, if he could, that the transaction was fair, just, and equitable to the deceased. (*Campbell* v. *Genshlea,* 180 Cal. 213, 224 [180 Pac. 336]; *Odell* v. *Moss,* 130 Cal. 352, 356 [62 Pac. 555]. In the face of such facts it is patent that the defendant was called upon to introduce in evidence the conversations of both parties for the purpose of showing exactly what the transaction was. He made no attempt to do so, and was contented with merely testifying that he had not agreed to take the deed in trust. The evidence received by the trial court over the objection of the defendant would ordinarily, therefore, be introduced by the defendant in such a case instead of by the plaintiff. Certainly the mere fact that the plaintiff was assuming a burden which under the facts proved he was not bound to assume would not constitute reversible error.

[3] In this case the plaintiff had pleaded and had introduced some evidence showing that the transaction between the deceased and the defendant was one between a beneficiary and a trustee, and that the trustee held the property in violation of a confidential relation. These allegations pleaded an involuntary trust. (Civ. Code, sec. 2235.) The case of *Tainter* v. *Broderick Land & Inv. Co.,* 177 Cal. 664, 667 [171 Pac. 679], is therefore not in point.

[4]    The appellant claims that the evidence was insufficient to sustain the findings because it was not clear, satisfactory, and convincing; but, considering the evidence which we have recited above and also considering the fact that the trial court saw the witnesses, observed, no doubt, the manner in which they testified, and where, as here, there are at least certain discrepancies and inconsistencies in the testimony, the finding of the trial court must be accepted unless the record shows an abuse of discretion. The record before us does not show an abuse of discretion, but, on the contrary, the judgment entered seems to have been the only proper judgment under the circumstances disclosed by the record.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 26, 1924.

All the Justices present concurred.