[Civ. No. 3919.   Third Appellate District.—December 5, 1929.]

JENNIE M. HALLER, Respondent, v. JACOB H. HALLER et al., Defendants; PAUL STEWART, Appellant.

A. T. Stewart for Appellant.

Richard A. Dunnigan for Respondent.

PRESTON (H. L.), J., *pro tem.*—This is an appeal by the defendant, Paul Stewart, from a judgment entered against him in an action to quiet title.

The undisputed facts are these: The plaintiff, Jennie M. Haller, and Jacob H. Haller, were at all times herein mentioned, husband and wife. The property involved was purchased and title taken in the name of Jennie M. Haller and Jacob H. Haller, and is conceded to have been at the time of the purchase community property. Thereafter, and on August 7, 1921, Jacob H. Haller made, executed and delivered to his wife, Jennie M. Haller, a grant deed, conveying said property to her, which deed was acknowledged on May 6, 1922, and duly recorded on the same date. Said deed contained this clause: "This deed is made for the purpose of making the property herein described the separate property of the grantee herein." Thereafter, and on January 15, 1923, appellant, Paul Stewart, became a creditor of said Jacob H. Haller, and subsequently and at the time this action was commenced, had become a judgment creditor of said Jacob H. Haller in the sum of $1,407.83. Appellant had an execution issued on said judgment and caused the

property in question to be levied upon in satisfaction of said judgment.

The present action was instituted to clear the cloud of that execution and judgment from said land, and quiet the title in plaintiff as her separate property.

The case was tried before the court without a jury and judgment was entered quieting plaintiff's title, from which judgment the defendant, Paul Stewart, alone, prosecutes this appeal.

The following stipulation was entered into at the time of the trial of said action: "It was stipulated that at the time of the transfer of the property, the subject of the above entitled cause, by Jacob H. Haller to Jennie M. Haller, to-wit, the 7th day of August, 1921, and at the date of the recordation of said deed, to-wit, May 6, 1922, that the said Jacob H. Haller *was not indebted in any sum of money, or any other obligation of any kind or character, to the said Paul Stewart, and that the said Paul Stewart did not become an existing creditor of the said Jacob H. Haller until subsequent to the transfer of said property, to-wit, until February 15, 1923.* It was further stipulated that the defendant, Paul Stewart, is a creditor of Jacob H. Haller upon a judgment upon which the sum of $1,407.83 is due, owing and unpaid, and that said judgment was obtained against said defendant upon an obligation incurred by Jacob H. Haller with the said Paul Stewart *subsequent to the transfer of the property mentioned in the deed.*"

Therefore, it is clear from the stipulated facts that the appellant, Paul Stewart, *was not* an existing creditor of Jacob H. Haller at the time Jacob H. Haller conveyed to his wife, Jennie M. Haller, the real property in question, and did not become a creditor until *one year and six months after the delivery of said deed.*

The bill of exceptions shows the following: "On cross-examination of the said Jennie M. Haller, to the question as to what was the source of the money with which her husband had himself purchased the property set forth in said deed, objection by counsel for plaintiff that the same was incompetent, irrelevant and immaterial, was sustained by the court, after counsel for defendant Paul Stewart had stated that he proposed to prove that the property was in fact community property and that said defendant was a creditor of

J. H. Haller. . . . To the further question of said defendant's counsel as to when the property covered by said deed was acquired by J. H. Haller the same objection was made followed by the same ruling. To the further question by said defendant's counsel as to what was the intention of herself and her husband and what their arrangement as to this property so deeded to her, there was the same objection interposed and followed by the same ruling of the court. . . . The defendant, Jacob H. Haller, called as a witness on behalf of defendant Paul Stewart, testified that he was the husband of the plaintiff and was familiar with the deed introduced in evidence. . . . To both the questions as to the time he acquired the property in question and what was the source of the funds with which he purchased it, counsel for plaintiff objected on the ground that each of such questions was incompetent, irrelevant and immaterial and the court sustained such objections, and the court further stated that no evidence would be permitted unless it was first shown that defendant Stewart *was an existing creditor of the husband of the plaintiff at the time of the execution of the deed in question*. . . . To the further question as to what was the understanding between himself and his said wife as to the rights each should have in the property under this deed, the objection of counsel for plaintiff that the same was incompetent, irrelevant and immaterial was sustained by the court."

Appellant contends that in all these rulings the trial court committed prejudicial error. In view of the foregoing stipulated facts, we think the court's ruling was correct in each instance.

Appellant seems to rely on section 3442 of the Civil Code. This section provides that any transfer of property without a valuable consideration "by a party while insolvent or in contemplation of insolvency, shall be fraudulent, and *void as to existing creditors*." As appellant *was not an existing creditor of Jacob H. Haller at the time of the delivery of the deed in question,* and as there is no allegation in appellant's answer that at the time of said transfer the said Jacob H. Haller was either insolvent or in contemplation of insolvency, this provision can be of no assistance to appellant in the case at bar. (*Tainter* v. *Broderick Land & Investment Co.,* 177 Cal. 666 [171 Pac. 679]; *Bull* v. *Bray,*

89 Cal. 286 [13 L. R. A. 576, 26 Pac. 873]; *Atkinson* v. *Western Development Syndicate,* 170 Cal. 506 [150 Pac. 360].)

Furthermore, the answer of appellant raised no issue as to the fraudulent intent of Jacob H. Haller when he conveyed the property to his wife. Fraudulent intent is neither alleged nor proved. For this reason alone the proffered testimony as to what the intent of the parties was in making the deed was properly rejected.

If the conveyance was made by Jacob H. Haller to his wife with intent to defraud creditors, it is void as against those creditors, *but the intent is a question of fact and must be alleged and proved.* (*Careaga* v. *Moore,* 70 Cal. App. 620 [234 Pac. 121]; *Emmons* v. *Barton,* 109 Cal. 662 [42 Pac. 303].)

The questions propounded to Mrs. Haller and to Jacob H. Haller regarding the intent and purpose in making the deed in question, were also inadmissible for the reason that such declarations were privileged communications. (Sec. 1881, Code Civ. Proc.)

In *Emmons* v. *Barton, supra,* it is said: "The declarations of the husband to the wife at the time of the conveyance to her of certain property, as to his purpose in making it, are privileged, and it is error to compel the wife to testify thereto."

Appellant also states in his brief as follows: "There appears, therefore, to be really but the two main questions before the court upon this appeal: (1) Was the deed, reciting a consideration of $10.00, and the stipulation of respondent that no money was in fact passed as consideration therefor, a void deed? (2) If the deed was valid, was the presumption raised by it, that the property thereby became the separate property of the wife, as grantee, a rebuttable or a conclusive presumption?"

Section 1040 of the Civil Code provides: "A voluntary transfer is an executed contract, subject to all rules of law concerning contracts in general; *except that a consideration is not necessary to its validity.*" (See *Brison* v. *Brison,* 75 Cal. 525 [7 Am. St. Rep. 189, 17 Pac. 689]; *Treat* v. *Treat,* 170 Cal. 329 [150 Pac. 53, 57]; *Tillaux* v. *Tillaux,* 115 Cal. 663 [47 Pac. 691].)

The proof that there was no valuable consideration would not affect the validity of the deed as a conveyance. Jacob H. Haller was free from debt and had a perfect right to give his property to his wife. Under such circumstances, his deed of gift was perfectly valid. Appellant was not at that time an existing creditor of the said Jacob H. Haller and cannot be heard to question the validity of the deed.

Section 164 of the Civil Code provides in part, that "when any property is conveyed to a married woman by instrument in writing, the presumption is the title is vested in her as her separate property."

That this is a disputable presumption there can be no doubt, and the same may be controverted by any competent evidence tending to overcome it (*Killian* v. *Killian,* 10 Cal. App. 312 [101 Pac. 806]) ; but as we have already repeatedly stated, the appellant *was not an existing creditor at the time the deed was made and has not by his pleadings shown himself entitled* to inquire into the fact whether the property is still separate or community property.

Further discussion seems entirely unnecessary. We find no merit in the appeal. The judgment is affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.