[L. A. No. 12797. In Bank.—December 11, 1933.]

THELMA LOUISE ADAMS, Respondent, v. BELLE F. BELL, Appellant.

A. N. Soliss and L. V. Beaulieu for Appellant.

Hamish B. Eddie and George F. Rankin for Respondent.

SHENK, J.—Appeal from an order denying a motion to recall and quash an execution. The motion was made on the ground that the judgment pursuant to which the execution was issued was not a final judgment and was otherwise void, and that the issuance of the execution was unauthorized by law.

The action was for specific performance of an agreement to exchange real property. The court found in favor of the plaintiff and entered judgment that deeds be exchanged and as an alternative that, if the defendant should fail to execute and deliver a deed to the plaintiff as required within ten days after service upon her of notice of entry of judgment, then the plaintiff have judgment against the defendant for the sum of $4,500, which was found by the court to be the excess in the plaintiff's favor in the values of the respective properties. More than ten days after the entry of judgment an affidavit, made by the father of the plaintiff, was filed with the clerk stating that the defendant had failed to execute and deliver the required deed to the plaintiff and averred on information and belief that notice of the entry of judgment had been served on the defendant more than ten days prior to the execution of the affidavit.

Upon the filing of the foregoing affidavit the clerk of the court, without leave or order of court, issued an execution directing the sheriff to levy upon sufficient property of the defendant to satisfy the judgment of $4,500, costs, etc. The notice of motion to recall and quash said execution was then filed. Upon the denial of the motion this appeal was taken.

It is first contended by the defendant that the execution was improperly issued for the reason that the complaint fails to state a cause of action in that it fails to allege that the contract as to the defendant was just and reasonable, citing section 3391, subdivision c, of the Civil Code. This contention cannot be sustained on the state of the record. Neither the findings nor the evidence taken at the trial are

included in the record. In this collateral attack (see 23 C. J., p. 537; 34 C. J., p. 524), it must be assumed in support of the judgment that all the issues necessary to a decree in specific performance were presented and tried before the court without objection. ■ The judgment settled the rights of the parties and was a final determination thereof and no appeal therefrom has been taken. It offered the defendant the option to convey as directed or to suffer a money judgment to be entered against her. (*State* v. *Smith,* 98 Wash. 100 [167 Pac. 91, 169 Pac. 468].) If the defendant has made her election as claimed, the plaintiff is entitled to the money judgment. The question then is: Who is to ascertain whether the condition specified in the judgment has or has not been performed? The issuance of an execution is a ministerial act pursuant to a judgment or otherwise as authorized by law. (*Santini* v. *Justice's Court,* 218 Cal. 671 [24 Pac. (2d) 761]; 11 Cal. Jur., p. 42; 23 C. J., p. 365.) When the judgment is in the ordinary form and unconditional there is no discretion in the clerk to refuse its issuance. When, as in the present case, the judgment is conditional the authorities appear not to be in entire harmony. (23 C. J., p. 367.) But the better and safer practice would seem to be to present to the court the facts showing nonfulfillment of the condition and obtain an order of court directing the issuance of the execution. We think such a procedure should have been followed in the present case.

■ But assuming that the clerk was vested with authority to ascertain the facts, the proof thereof must necessarily be satisfactory and complete. Here the proof of the necessary fact of service of notice of the entry of judgment was not by a direct averment of such fact, but upon the information and belief of the affiant. This was mere hearsay and insufficient upon which to establish that service of the notice had been made at any time or at all. (See *Murphy* v. *Shea,* 143 N. Y. 78, 81 [37. N. E. 675].)

In any event, therefore, there was no authority on the part of the clerk to issue said execution and the motion to recall and quash the same should have been granted.

The order is reversed.

Curtis, J., Thompson, J., Preston, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.