[L. A. No. 15262. In Bank.—March 25, 1936.]

THELMA LOUISE ADAMS, Respondent, v. BELLE F. BELL et al., Appellants.

A. N. Soliss for Appellants.

Hamish B. Eddie and George F. Rankin for Respondent.

CONREY, J.—The plaintiff, as judgment creditor of defendant Belle F. Bell, brought this action to set aside, annul and declare void a conveyance of real property made by said defendant to her son, the co-defendant L. L. Sidwell. Judgment having been entered in favor of plaintiff, the defendants appeal therefrom.

The said real property is in Los Angeles County. The deed of conveyance, Bell to Sidwell, was executed on April 11, 1930. At that time there was pending in the superior court · an action of plaintiff Adams against defendant Bell, in which action, on July 21, 1930, the plaintiff obtained judgment against Mrs. Bell in the sum of $4,500. Execution was issued, whereupon defendant moved to quash that writ. From an order denying the motion to quash, the defendant appealed. On that appeal the order was reversed by judgment of this court, filed December 11, 1933. (*Adams* v. *Bell,* 219 Cal. 503

[27 Pac. (2d) 757].) Thereafter another execution was issued, and the return *nulla bona* was duly made thereon, on April 4, 1934. This present action was commenced by complaint filed on May 8, 1934.

The complaint alleged that on April 11, 1930, during pendency of the former suit, defendant Bell had conveyed to her son, defendant Sidwell, the said real property owned by her, which conveyance was made by said grantor and accepted by said grantee without consideration and for the purpose of defeating recovery by plaintiff on her claim. The prayer of the complaint was that the transfer be declared invalid and that the said real property be decreed subject to said $4,500 judgment.

The cause went to trial on issues joined by the answer of defendants. Thereafter the trial court rendered findings in favor of plaintiff to the effect that the $4,500 judgment was still due, owing and unpaid; that the property deeded to defendant Sidwell by defendant Bell was the latter's sole property and the only property out of which said $4,500 judgment could be satisfied; that the conveyance was made without consideration from defendant Sidwell, with intent to defraud plaintiff as creditor, and that therefore defendant Sidwell did not become the owner of said property so far as plaintiff was concerned, and that plaintiff was at liberty to proceed upon the execution issued in her favor, or to issue another execution.

The first point stated by appellants presents their contention that the complaint in the instant case failed to state a cause of action, in that it failed to allege that the conveyance to Sidwell was made by defendant Bell while insolvent or in contemplation of insolvency (sec. 3442, Civ. Code). The pleading may be sustained under the provisions of sections 3439 and 3442 of the Civil Code. (*Vogel* v. *Sheridan*, 4 Cal. App. (2d) 298, 305 [40 Pac. (2d) 946]; *Fross* v. *Wotton*, 3 Cal. (2d) 384 [44 Pac. (2d) 350], and cases cited.) It alleged that plaintiff was a judgment creditor in an action pending at the time the conveyance was made, and alleged actual fraudulent intent (*Rossen* v. *Villanueva*, 175 Cal. 632, 635 [166 Pac. 1004]) in that it affirmatively alleged that the conveyance from Bell to Sidwell was made for the purpose of defeating recovery by plaintiff on her judgment. Where

an actual intent to defraud is satisfactorily shown, the conveyance may be set aside even though the debtor has not entirely stripped himself of assets. (*Vogel* v. *Sheridan, supra,* and cases therein cited; *Johns* v. *Baender,* 40 Cal. App. 790 [182 Pac. 55]; *Benson* v. *Harriman,* 55 Cal. App. 483 [204 Pac. 255]; *Tobias* v. *Adams,* 201 Cal. 689, 695 [258 Pac. 588]; *Fross* v. *Wotton, supra.*) ■ Moreover, objections to pleadings, raised for the first time on appeal, are not looked upon with favor by the courts. Where, as here, no demurrer has been interposed and the cause has been tried on the theory that certain facts are in issue, and substantial justice has been done, the omission from the complaint of a material issue thus tried is cured by the judgment and the judgment will not be reversed for technical defects in the pleadings. (2 Cal. Jur., p. 257 et seq.; *Reynolds* v. *Hook,* 109 Cal. App. 226 [292 Pac. 1000]; *Payne* v. *California Union etc. Co.,* 129 Cal. App. 582 [19 Pac. (2d) 40]; *Starkweather* v. *Eddy,* 87 Cal. App. 92, 98 [261 Pac. 763].)

■ Another contention of appellants is that plaintiff was not a creditor on April 11, 1930, date of alleged fraudulent conveyance, because on said date there was no indication that the pending specific performance suit would terminate in a money judgment as rendered on July 21, 1930. While ordinarily one asserting that a conveyance is fraudulent must show that he was a creditor of the debtor at the time of transfer (*Haller* v. *Haller,* 102 Cal. App. 370, 373 [283 Pac. 94]), it is not necessary that the claim at said time be reduced to judgment. Here plaintiff's claim was good and valid in 1929 when the specific performance suit was filed and the money judgment thereafter rendered constituted no more than a judicial determination of the validity of said existing claim. (*Chalmers* v. *Sheehy,* 132 Cal. 459 [64 Pac. 709, 84 Am. St. Rep. 62]; *Benson* v. *Harriman, supra,* at p. 490; *Schwartz* v. *Brandon,* 97 Cal. App. 30, 37 [275 Pac. 448]; *McKinney* v. *Wright,* 105 Cal. App. 401, 407 [287 Pac. 506].)

■ Appellants' next point, that defendant Bell was not insolvent at time of the transfer, is without merit. As stated above, it is not always necessary to show that a debtor has been stripped of all other assets in order to set aside a fraudulent transfer. Intent to defraud, not present insolvency, is the controlling element in these cases. ■ Furthermore on trial

of this action it was stipulated that execution on the $4,500 judgment was returned unsatisfied. The return of an execution *nulla bona* establishes a *prima facie* case of insolvency. (*Ohio Elec. Car Co.* v. *Duffet*, 48 Cal. App. 674 [192 Pac. 298].) The court found, on sufficient evidence, that the property conveyed by Bell to Sidwell was the only property out of which the judgment could be satisfied and that it was deeded with intent to defraud plaintiff as creditor.

Appellants next argue, under several headings, the question of sufficiency of the evidence to support the findings and judgment, particularly the finding that there was no consideration for the transfer. The chief witnesses for plaintiff were defendants, called under section 2055 of the Code of Civil Procedure. They testified to a consideration growing out of an agreement between them whereby defendant Sidwell had improved the property in return for his mother's promise to deed it to him. But the trial court was privileged to discredit this testimony. At most it created a conflict of evidence, and there was a sufficient showing in support of the findings and judgment. (*McKinney* v. *Wright, supra; Fross* v. *Wotton, supra.*) Defendant Sidwell testified as follows: "Q. Was any time set when she was to deed you this? A. Well, at that particular time I was having domestic trouble and so forth, and I didn't desire to have the deed in my name. The Court: How did she happen to give it to you in April? A. We had just postponed it from time to time, and she was sued on a specific performance and got in trouble with Mrs. Adams, and when it came up she could not handle it on account of her hearing. The Court: She decided because the suit was brought against her to fulfill the promise that she made to you before? A. Yes. By Mr. Eddie: . . . you knew all about the suit that your mother had with Mrs. Adams? A. Yes." After making the deed, defendant Bell continued to reside on the property with defendant Sidwell.

Lastly, appellants claim that the action was barred by section 338, subdivision 4 of the Code of Civil Procedure, which prescribes a limitation of three years for the commencement of " . . . (4) An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." In their

brief the point is barely stated, without argument. Ordinarily, such cause of action would accrue on date of judgment but it has been held that if the creditor knows nothing about the fraudulent conveyance, the cause (in the absence of laches) does not arise until he discovers the fraud by which his rights have been invaded. (*Marshall* v. *Buchanan,* 35 Cal. 264 [95 Am. Dec. 95] ; *Brown* v. *Campbell,* 100 Cal. 635 [35 Pac. 433, 38 Am. St. Rep. 314, 76 A. L. R. 866].)

█ Plaintiff states that the facts on which this case is founded were not disclosed to her until return of the execution unsatisfied. True, she failed to allege the circumstances surrounding discovery of the fraud, but this defect in the pleading (*Graham* v. *Los Angeles First Nat. T. & S. Bank,* 3 Cal. (2d) 37 [43 Pac. (2d) 543], and cases therein cited) evidently escaped the notice of appellants. Had appellants raised the point in any way at the trial, the trial court would have had an opportunity to permit plaintiff to amend her complaint. Furthermore, appellants did not plead laches nor claim that there were facts which should have put plaintiff on notice at the time the $4,500 judgment was entered. Appellants did set up the statute of limitations by their answer but it was not made an issue on the trial. No evidence was received on the subject nor is the matter mentioned in the findings. Hence, in such state of the record, the subject will not be considered on appeal. (*McDonald* v. *Bear River etc. Min. Co.,* 13 Cal. 220; *Vassault* v. *Seitz,* 31 Cal. 225, 226, 229; 16 Cal. Jur. 638–640.)

The judgment is affirmed.

Shenk, J., Seawell, J., Langdon, J., Curtis, J., Thompson, J., and Waste, C. J., concurred.

Rehearing denied.