W. T. HURT, RESPONDENT, *v.* JOHN WILSON *et al.*, APPELLANTS.

ASSIGNMENT OF INDEBTEDNESS.—The assignment of an indebtedness transfers, likewise, the security by which its payment is protected.

APPEAL from the District Court of the Twelfth District, City and County of San Francisco.

The complaint alleges that the defendant, Wilson, being indebted to one James C. Zabriskie and his associates in a certain mining enterprise, in the sum of $1,500, for the purpose of securing the payment of the same, executed a conveyance of certain described tracts or parcels of land to the said Zabriskie, in trust for himself and the said co-creditors of the said Wilson. That afterwards the said creditors of Wilson, for value received, transferred and assigned said indebtedness of $1,500 to the plaintiff. That at the time of said transfer, the said Zabriskie executed to the plaintiff a mortgage upon the tracts or parcels of land so held by him in trust, to secure the payment of the said indebtedness to the plaintiff. It then continues in the ordinary form by asking for a judgment against said Wilson for the amount

due, and for a decree of foreclosure and sale of the described premises.

The defendant, Wilson, moved the Court to dismiss the action as to him, on the ground:

That the complaint shows that the instrument or conveyance made by the said Wilson to the said Zabriskie and others, was only in the nature of a mortgage or trust, to secure certain indebtedness, then owing by said Wilson to the said Zabriskie and the other persons therein named, and for no other purposes; and that the said Zabriskie, as such trustee, had no power to transfer such trust, or such conveyance, nor any power to mortgage, convey, transfer or otherwise encumber the premises described in the said complaint, and so mortgaged and entrusted to him for a specified purpose.

Which motion being overruled, the defendant, Wilson, filed his answer. As the issues presented by the answer are not noticed in the opinion of the Court, it is deemed unnecessary to set forth the character of its contents.

There was a trial by the Court, and judgment and decree for plaintiff, and a motion for a new trial, which was denied; from all of which Wilson appealed.

*S. F. & L. Reynolds*, for Appellants.

*C. H. Parker*, for Respondent.

SAWYER, C. J., delivered the opinion of the Court:

The complaint states a good cause of action against Wilson, and his motion to dismiss was properly denied. The assignment of the debt to the plaintiff carried with it the security, and entitled him to a judgment for sale of the premises to pay the debt, independent of the second mortgage by the trustee. Had Zabriskie made no mortgage, the plaintiff would have been entitled to the relief obtained upon the allegations of the complaint and the facts found by the Court. The only sum recovered was the original indebtedness, with interest at the legal rate, and the costs of suit. The plaintiff was entitled to a judgment for this sum, and to

an order for the sale of the premises without reference to the mortgage made by Zabriskie.

We do not fully comprehend the fifth, sixth and seventh points of appellant, or perceive how they arise on this record.

Judgment and order denying a new trial affirmed.

RHODES, J., expressed no opinion.