[No. 15583.	Department One.—November 5, 1894.]

## I. G. WICKERSHAM, Appellant, v. SARAH COMER- FORD et al., Respondents.

Estates of Deceased Persons—Action to Vacate Order Setting Apart Homestead—Fraud—Burden of Proof—Mistake of Law.—In an action to vacate and annul an order of the superior court setting apart a homestead to the use of the widow and children out of the estate of a decedent, for alleged fraud in the allegations in the petition of the widow for the homestead, it is necessary for the plaintiff to establish by clear and indubitable proof, to the satisfaction of the court, that the order setting apart the homestead had been obtained through some fraud practiced upon the court by the widow; and it is not sufficient to show that she had made the application under an erroneous view of her rights in the premises, or that, upon the facts presented in her petition, or at the hearing, the court had mistaken the law applicable thereto.

Id.—Omission of Material Facts—Proof Required.—The widow cannot be charged with fraud or fraudulent imposition upon the court for merely failing to state in her petition any facts tending to show that the petition ought not to be granted, unless it is made to appear that she knew the import of these facts, or that they were willfully sup- pressed by her with the intention of deceiving the court, and thereby inducing it to grant her petition.

Id.—Petition upon Advice of Attorney.—Where the widow was advised by her attorney that she was entitled to have the property set apart to her as a homestead, and the petition therefor was prepared by him and signed by her, and presented to the court, and it is not shown that the advice was not given in good faith, or that the facts set forth in the petition were not correctly stated, the fact that the attorney was mis- taken in his views of the law will not justify a charge of fraudulent imposition upon the court.

Id.—Concealment of Articles of Separation—Silence of Petition.— Where it is not shown that the legal effect of articles of separation between the widow and her husband, upon her right to a homestead out of his estate, was ever called to the notice of the petitioner, or that she was advised in reference thereto, or that she had any purpose or motive in omitting to make mention thereof in her petition or at the hearing, she cannot be charged with concealing them from the court by mere silence with reference to their existence.

Id.—Setting Aside Judgment.—A court of equity will never set aside a judgment for mere error, whether of law or fact, committed in the rendition of the judgment.

Id.—Judgment upon Pleadings—Denial on Information and Belief.— A motion for judgment on the pleadings ought not to be granted where material matters denied on information and belief were not presump- tively within the knowledge of the defendants.

Appeal from a judgment of the Superior Court of Sonoma County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Lippitt & Lippitt*, for Appellant.

*Smith & Murasky*, for Respondents.

HARRISON, J.—Action to vacate and annul an order of the superior court setting apart a homestead to the use of the defendants out of the estate of Richard Comerford, deceased. The facts alleged in the complaint are set forth in the report of the case when here upon a former appeal. (*Wickersham* v. *Comerford*, 96 Cal. 433.) After the cause had been remanded to the superior court the defendants answered the complaint, and upon the trial of the issues the court rendered its decision and judgment against the plaintiff, from which, and also from an order denying a new trial, he has appealed. The court finds that the allegations in the petition of Mrs. Comerford for the homestead were not fraudulent, and that the court was not induced to make the order by reason of any false or fraudulent representations therein contained, or by any concealment of facts from it by her or by any one on her behalf. This finding is challenged by the appellant as not supported by the evidence, but we are of the opinion that the evidence before the court justifies the finding.

It was necessary for the plaintiff to establish by clear and indubitable proof, to the satisfaction of the superior court, that the order setting apart the homestead had been obtained through some fraud practiced upon that court by the defendant. It was not sufficient to show that she had made the application under an erroneous view of her rights in the premises, or that upon the facts presented in her petition, or at the hearing, the court had mistaken the law applicable thereto. She cannot be charged with fraud or any fraudulent imposition upon the court for merely failing to state in her petition any facts tending to show that the petition ought not to be granted, unless it is made to appear that she knew the import of these facts, and that they

were willfully suppressed by her with the intention of deceiving the court and thereby inducing it to grant her petition. Tested by these rules the plaintiff failed to establish his right to the relief sought. It was shown that after the death of her husband Mrs. Comerford was advised by her attorney that she was entitled to have the property set apart to her as a homestead, and the petition therefor was prepared by him and signed by her, and presented to the court. It is not claimed that this advice was not given in good faith, or that the facts set forth in the petition are not correctly stated; and the most that can be said is that the attorney was mistaken in his views of the law. It is claimed, however, that the petitioner "concealed" from the court the fact that "articles of separation" had been entered into between her and her husband, under which they had divided their property, and were living separate and apart from each other. It was not shown, however, that the legal effect of these articles of separation upon her right to a homestead out of the estate of her husband was ever called to the notice of the petitioner, or that she was advised in reference thereto, or that she had any purpose or motive in omitting to make mention thereof in her petition or at the hearing; and she cannot be charged with "concealing" them from the court by her mere silence in reference to their existence. She is not to be charged with a fraudulent concealment of any fact unless she was under some obligation to disclose it, and the mere omission to make mention of the fact, in the absence of any knowledge or notice on her part that it was requisite to make such mention, falls far short of fraud.

Whether the court determined that the property which it set apart was community property or the separate estate of the deceased is not shown by the record. The order purports to have been made upon "the papers on file" and other evidence, and in the inventory on file with the court it was stated to be community property, while the attorney for the petitioner testified at the trial

herein that he informed the court that it was the separate property of the deceased.  If the court held that it was community property its finding would have been contrary to the evidence, while if it determined that it was the separate property of the deceased it committed an error of law in setting aside the homestead without any limitations.  These, however, are insufficient grounds for maintaining the present action, as a court of equity will never set aside a judgment for mere error, whether of law or fact, committed in the rendition of the judgment.

The court did not err in refusing to grant the motion of the plaintiff for judgment on the pleadings.  The matters which were denied on information and belief were not presumptively within the knowledge of the defendants.

The judgment and order are affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.