[Civ. No. 2784.   Second Appellate District, Division One.—May 20, 1920.]

## PIONEER TRUCK COMPANY (a Corporation), Respondent, v. H. W. HAWLEY, Appellant.

[1] REPLEVIN — PLEADING—POSSESSION—FINDINGS—ISSUES—APPEAL—PRESUMPTION.—On an appeal on the judgment-roll alone from a judgment in favor of the plaintiff in an action to replevin an auto-truck, although the complaint failed to touch upon the subject of possession of the property by defendant at the commencement of the action, or the implication of such possession was very defectively conveyed, but such defect was not raised by demurrer, it will be presumed in favor of the judgment and findings of the trial court showing defendant's possession of the truck at the commencement of the action, that such fact was, at the trial, treated as a fact within the issues and properly to be determined by the court.

APPEAL from a judgment of the Superior Court of Los Angeles County. Wm. D. Dehy, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. McD. Spencer and Jensen & Jensen for Appellant.

Warren E. Libby for Respondent.

CONREY, P. J.—The plaintiff brought this action to recover judgment for possession of a certain described auto-truck, or the value thereof if a return cannot be had, and for damages. Judgment having been entered in favor of the plaintiff, the defendant appeals therefrom, and the case is brought here upon the judgment-roll alone.

Appellant claims that it nowhere appears, either from the complaint or the findings, that appellant ever had possession of the property sought to be recovered, and that for that reason the judgment should be reversed. He relies upon the rule that in an action of this kind the plaintiff cannot recover without alleging and proving that at the time of commencement of the action the property was in possession of the defendant. (*Riciotto* v. *Clement*, 94 Cal. 105, [29 Pac. 414].)

In the case at bar the only allegations touching the defendant are that, at a stated time a few days prior to the commencement of this action, the plaintiff demanded possession of said property from the defendant, and that defendant has failed, refused, and neglected to deliver the same to the plaintiff; "that plaintiff is damaged by the unlawful holding of said property in the sum of twenty-five dollars for each and every day the same has been withheld since said seventeenth day of January," etc. The answer of the defendant was equally noncommittal and silent on the subject of defendant's possession of the truck, but denied the allegations above noted. The findings of fact affirm the demand by plaintiff, the failure and refusal of defendant to deliver the property to plaintiff, and declare that the plaintiff is damaged in a stated sum by the detention of said truck. In the "conclusions of law" it was further stated that the defendant "withholds possession thereof unlawfully from said plaintiff."

[1] If the complaint does not wholly fail to touch upon the subject of possession of the property by defendant at the commencement of the action, it must at any rate be admitted that the implication of such possession is very defectively conveyed. Respondent contends, however, that since no demurrer was filed in the case, and since the court made findings as above stated, and it is not made to appear that any question was raised in the court below concerning the sufficiency of the complaint, that this court must now assume, in favor of the findings and judgment, that the fact of defendant's possession of the truck at the commencement of the action was, at the trial, treated as a fact within the issues and properly to be determined by the court. On this ground we think that the judgment should be sustained. In *Slaughter* v. *Goldberg, Bowen & Co.*, 26 Cal. App. 318, 324 et seq., [147 Pac. 90], this subject is fully discussed. There it was conceded that the complaint failed to show a certain fact without which the action would not lie; nevertheless it appeared that the case had been tried and determined upon the theory that the issue was presented in the case. The court held that a defendant should not be permitted to stand by and, without objection, allow an issue to be tried as though properly presented by the pleadings, and on appeal escape the consequences by claiming that the complaint

failed to present such issue, The difference between that case and this is that there the facts as to the conduct of the trial and the manner in which the evidence was received were before the court of appeal, whereas in the present case we have only the judgment-roll. But in *Gervaise* v. *Brookins,* 156 Cal. 110, [103 Pac. 332], the supreme court, upon a consideration of the pleadings and findings alone, determined that it appeared with reasonable certainty that the case was tried upon the theory that the answer put in issue the value of certain property, although technically that issue had not been properly presented by the pleadings. That being so, the court denied to the appellant the right to have the point considered that there was no such issue. The case of *Illinois T. & S. Bank* v. *Pacific Ry. Co.,* 115 Cal. 297, [47 Pac. 60], was cited wherein ''the presence in the record of a finding of fact which it was claimed was not in issue, was considered a sufficient showing that the cause was tried upon the theory that the fact was in issue.''

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 19, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 19, 1920.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent.