[Civ. No. 7046.  Second Appellate District, Division One.—October 11, 1932.]

E. M. BENGEL, Appellant, v. DAVID M. KENNEY et al., Respondents.

Chas. M. Easton for Appellant.

Greenberg & Beilenson for Respondents.

CONREY, P. J.—This action was brought by the plaintiff to recover on a cause of action which, according to the complaint, had been the property of Matthews-Kenney Co., and by assignment of which, it was alleged, the claims of said company, together with its right to sue for and collect the moneys in question, had passed to the plaintiff.  Judgment was in favor of defendants, and plaintiff appeals therefrom.

The court found as a fact that said claim or demand never was assigned to the plaintiff and that plaintiff is not

the holder thereof. We think that this finding is sustained by the evidence.

In April, 1924, respondent Kenney and one Frank T. Matthews agreed that they would form a corporation under the name of Matthews-Kenney Co., for the purpose of manufacturing clothing, etc. As a preliminary to the creation of such corporation they deposited in the Hellman Commercial Trust and Savings Bank the sum of $3,500, of which Kenney furnished $3,000 and Matthews $500. They then proceeded to the organization of a corporation under the name of Matthews-Kenney Co., Inc. The money was deposited in the name Matthews-Kenney Co., accompanied by the following notation over the signatures of Matthews and Kenney: "Not incorporated. It is mutually understood and agreed that the undersigned are all the copartners and that any and all withdrawals against said account may be made upon the signatures of Frank T. Matthews and David M. Kenney." The present controversy arises out of conflicting claims to ownership of the unexpended portion of said $3,500 fund.

The plaintiff offered in evidence a document made in June, 1926, purporting to assign and transfer to E. M. Bengel all of the right, title and interest of Matthews-Kenney Co., and of Frank T. Matthews, "in and to all of the money which was heretofore on deposit" in said Hellman Bank in the name of the Matthews-Kenney Company. This purported assignment was signed "Matthews-Kenney Co., by Frank T. Matthews", and by Frank T. Matthews. It was a stipulated fact that in February, 1925, the charter of the Matthews-Kenney Co., Inc., was suspended for nonpayment of taxes. The assignment (assuming that it was an attempted corporation act) was void because at the time of its execution the powers of the corporation were suspended, and also because there is no evidence of authority of Frank T. Matthews to execute such assignment on behalf of the corporation.

But the plaintiff introduced other evidence under which she claims that the right of Matthews-Kenney Co. to said money was assigned to her. Charles M. Easton gave testimony to the effect that in November, 1924, in order to secure Easton for moneys advanced by him to the Matthews-

Kenney Co., "Frank T. Matthews executed an assignment substantially in the form here as is shown on this assignment I hold here in my hand. It was an assignment to me individually." He further testified concerning the attempted assignment made in June, 1926, as follows: "I had Mr. Matthews execute the second paper (plaintiff's exhibit 16), and I executed one, assigning the claim which I had to Miss Bengel prior to the time the action was started."

█ We may assume as does appellant, that the purported assignments were attempted to be made by or on behalf of Matthews-Kenney Co., Inc. Appellant failed to prove a proper or valid authorization for the execution of any assignment to Easton of the corporation's claim to the money in question. Since the court did not err in making its finding against appellant on the issue relating to appellant's ownership of the rights constituting the cause of action, the judgment must be affirmed upon that ground alone. So it becomes unnecessary to enter into a discussion of the other grounds of appeal set forth in the briefs.

The judgment is affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 9, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 8, 1932.