[L. A. No. 15015. In Bank.—April 24, 1935.]

CAROLINE H. LEWIS, Appellant, v. C. MORTON BOOTH, Respondent.

Chas. E. McGinnis and W. Frank Shelley for Appellant.

C. Morton Booth, *in pro. per.*, and Albert J. Signer for Respondent.

SEAWELL, J.—Plaintiff appeals from a judgment that she take nothing by her complaint. By the allegations of said complaint, plaintiff, Caroline H. Lewis, claiming to be the assignee of a deed of trust, alleged that a prior assignment of said deed of trust held by defendant, C. Morton Booth, was a false, forged and simulated assignment. She prayed that the assignment held by defendant be canceled, and that the record thereof be expunged from the Torrens title record.

The deed of trust in question was executed on August 23, 1932, by Leroy O. Schultz to secure payment of a promissory note for $2,500. S. J. McElroy was named as payee of the note and beneficiary of the deed of trust. Said Mrs. McElroy was secretary to defendant C. Morton Booth, a practicing attorney. He testified that the note and deed of trust were executed in payment for legal services rendered and costs advanced by him for Schultz, and that Mrs. McElroy was named as payee and beneficiary to suit the joint convenience of Schultz and defendant. Mrs. McElroy testified that Booth promised her $500 of the proceeds to augment the salary which he was able to pay her, but beyond that she had no beneficial interest in the note and deed of trust, which at all times remained in the possession of Booth. In June, 1933, Mrs. McElroy was ill and planning to go to the hospital. At the request of Booth she indorsed the note and signed her name to a printed form of assignment of deed of trust in which the blanks had not been filled in. She also procured a notary to sign a blank acknowledgment attached thereto. The blanks were subsequently filled in to assign the deed of trust to Booth as of July 3, 1933. Mrs. McElroy testified that she herself did not complete the assignment because she was too ill at the time, but that she had executed it in blank with the understanding that it was to be used to assign said deed of trust to Booth.

Subsequently, while Mrs. McElroy was seriously ill and in desperate need of funds, she executed the assignment dated

July 26, 1933, to plaintiff Caroline H. Lewis, sister of Leroy O. Schultz, maker of the note and deed of trust. All negotiations for this assignment were conducted by Schultz. According to Schultz, he procured Mrs. McElroy to execute this assignment upon promising to pay her $440, of which he then gave her $30 and since has paid her about $100. He testified that he procured the assignment to be made to his sister, plaintiff Caroline H. Lewis, because he was indebted to her in the sum of $3,000 for money advanced to him. His testimony as to his indebtedness to his sister is not convincing, nor is her testimony on this point satisfying. Mrs. McElroy testified that she signed this assignment to Caroline H. Lewis, together with other papers presented to her by Schultz, when she was very ill. Included among the other papers which she signed, was a purported dismissal of an action brought in her name against Schultz to obtain delivery of the Torrens title certificate covering the property. This prior action resulted in a judgment for plaintiff McElroy, from which Schultz appealed. Upon motion of plaintiff, the appeal was dismissed by this court for failure of appellant to appear. It is doubtful whether Mrs. McElroy fully understood the nature of her acts at this time. The note and deed of trust, which at all times remained in the possession and under the control of defendant Booth, were not, of course, delivered to Schultz or to plaintiff Lewis. The assignment to plaintiff Lewis purported to also assign the note secured by said deed of trust and the money due and to become due thereon.

Plaintiff failed utterly upon the trial to establish the allegations of her complaint that the assignment from Mrs. McElroy to Booth was a false, forged, simulated and fraudulent assignment. Mrs. McElroy testified that before the complaint was filed she informed plaintiff's attorney that her signature on the assignment to Booth was genuine. Nevertheless the allegations charging that the assignment to defendant Booth, a practicing attorney, was a forgery were embodied in the complaint and in the amended complaint. Failing to show a forgery, plaintiff advanced the contention that Mrs. McElroy was the beneficial owner of the deed of trust, and that the blanks in the assignment were wrongfully filled in by defendant Booth, or by his procurement, without the knowledge of Mrs. McElroy. There is not a scintilla of

evidence to support this charge, which is directly contrary to the testimony of Mrs. McElroy and Booth that the assignment form, signed by Mrs. McElroy, was to be filled in to assign the deed of trust to Booth.

█ Counsel for plaintiff on this appeal make much of the fact that the notary signed her name to a blank acknowledgment of a printed form of assignment, to which Mrs. McElroy had signed her name, but in which the blanks were not filled in, and the further fact that the impress of the notarial seal on said acknowledgment did not bear the name of said notary and was not in fact made with a seal owned by her, but with a seal bearing no name. It is not required that a notary's seal bear a name. (Sec. 794, Pol. Code.) █ Irrespective of the question of the propriety of the notary's conduct, an acknowledgment was not essential to a valid assignment of the deed of trust. The assignment form was completed when the blanks were filled in as intended by Booth and Mrs. McElroy. █ Furthermore, the indorsement of the note by Mrs. McElroy, named as payee, transferred the deed of trust without other assignment. A lien is but an incident of the debt secured, and cannot be transferred apart therefrom. A transfer of the debt carries with it the lien. (*Union Supply Co.* v. *Morris,* 220 Cal. 331, 338 [30 Pac. (2d) 394], and cases there cited.)

█ Neither the note nor deed of trust were delivered to Schultz or plaintiff Lewis upon the subsequent assignment to said plaintiff, but said instruments at all times remained in the possession of defendant Booth. Under such circumstances, plaintiff could not claim to be a holder in due course. (Secs. 3097, 3111, 3133, Civ. Code.) Schultz, who acted for his sister, the plaintiff herein, in procuring the assignment to her, was the maker of the note and deed of trust, and knew that the note had been given to pay for legal services rendered for him by Booth, and that Mrs. McElroy had been named as payee for their joint convenience.

The judgment is affirmed.

Shenk, J., Curtis, J., Preston, J., and Waste, C. J., concurred.