[Civ. No. 17541.   Second Dist., Div. One.   Sept. 13, 1950.]

FRANK R. SIPE, Respondent, v. W. I. HOLLINGSWORTH & COMPANY (a Corporation) et al., Defendants; JOHN C. ROTCHFORD et al., Appellants.

John C. Rotchford and Hiram T. Kellogg for Appellants.

Robert E. Rosskopf, John F. Bender and Gizella M. Loshoncy for Respondent.

DRAPEAU, J.—After trial in the superior court plaintiff was found owner of a street improvement bond lien for $912.98 upon real property belonging to defendants Rotchford.   Defendants Rotchfords' record title came from a purchaser at a tax sale.   An interlocutory decree of partition and

order of sale followed, directing that the property be sold, and the proceeds applied to expenses of sale, payment of the lien, and the balance to defendants Rotchford. From this judgment defendants Rotchford appeal.

Defendants claim that plaintiff failed to prove title in the bond sufficient to bring the action; and that the proceeding in partition was unlawful.

Upon the trial it was conceded that possession of the bond by plaintiff was prima facie proof of ownership. Defendants withdrew their objection to the introduction in evidence of the bond, and it was received in evidence. Moreover, plaintiff testified that the bond was given to him for collection by the payee.

Possession of commercial paper, with endorsement, makes a prima facie case of delivery by the endorser to the holder, and of ownership of the latter. (Code Civ. Proc., § 1963, subds. 11 and 12; *Linder Hdw. Co.* v. *Pacific Sugar Corp.*, 17 Cal.App. 81 [118 P. 785, 789]; *Moore* v. *Craig*, 5 Cal.App.2d 283 [42 P.2d 647].)

A disputable presumption will raise a conflict sufficient to support a finding in accordance therewith. (Code Civ. Proc., § 2061, subd. 2; *Grantham* v. *Ordway*, 40 Cal.App. 758 [182 P. 73].)

Defendants' second contention is refuted by the case of *Elbert, Ltd.* v. *Nolan*, 32 Cal.2d 610 [197 P.2d 537].

The judgment is affirmed.

White, P. J., and Doran, J., concurred.