[L. A. No. 22764. In Bank. Feb. 24, 1954.]

ROWENA F. COCKERELL et al., Appellants, v. TITLE
INSURANCE AND TRUST COMPANY (a Corpora-
tion) et al., Defendants and Respondents; T. E. DENNY
et al., Cross-Complainants and Respondents.

N. S. Crowley for Appellants.

No appearance for Defendants and Respondents.

Morris Lavine for Cross-Complainants and Respondents.

CARTER, J.—Plaintiffs and cross-defendants, Rowena F. Cockerell and Jeannie A. Hinds, appeal from a judgment entered against them in an action for declaratory relief.

On August 28, 1951, Ernest A. Coe and Helen Jean Coe, husband and wife, were the record owners of the real property here involved. This property was subject to a first deed of trust dated May 5, 1947, executed by Metropole Holding Company, Inc., a corporation, to Lawyers Title Company, trustee, to secure an indebtedness of $63,000. It was also subject to a second trust deed dated October 16, 1947, executed by Omart Investment Company, Ltd., to Title Insurance and Trust Company, trustee, to secure an indebtedness of $27,500. It was subject to a third trust deed, dated September 23, 1948, executed by Russ Green and Ethyl Green to Security First National Bank of Los Angeles, trustee, to secure an indebtedness of $10,983.80 in favor of Crestmore Company. Plaintiffs' claim is by virtue of an alleged assignment from the Crestmore Company.

Defendants and cross-complainants, T. E. Denny and Edna Denny, on August 28, 1951, held an unrecorded deed to the property which they had received from Ernest A. Coe and Helen Jean Coe.

On April 26, 1951, foreclosure proceedings in accordance with the provisions of section 2924 of the Civil Code were instituted by the Title Insurance and Trust Company, as trustee, under the second deed of trust. These proceedings culminated in a sale which was held on August 28, 1951. At this sale, the trustee Title Insurance and Trust Company received the sum of $25,950. The balance due, under the deed of trust so foreclosed, including the expenses of sale, amounted to $19,023.98 leaving a surplus yield of $6,926.02. This surplus yield is the subject matter of the controversy between plaintiffs and defendants. Plaintiffs claim as the owners of the third trust deed by virtue of assignment from the beneficiary, Crestmore Company; defendants claim as the owners of the unrecorded deed to the property. Both parties made demands for the surplus yield upon defendant trustee, Title Insurance Company. Defendant trustee answered and cross-complained, and was permitted to deposit with the clerk of

the court the surplus funds amounting to the sum of $6,926.02 and the action was ordered dismissed as to it.

The trial court found that defendants, T. E. and Edna Denny, were the owners of the property involved; that there was a surplus yield of $6,926.02 after the foreclosure sale under the second deed of trust; that at the time of the trustee's sale, there was on record a purported third trust deed, executed by Russ Green and Ethyl Green, to Security-First National Bank of Los Angeles, trustee, in favor of Crestmore Company, as well as a purported fourth trust deed executed by T. E. and Edna Denny to Liberty Escrow Company, trustee, in favor of Ernest A. and Helen Jean Coe. It was found that the liens, if any, of the third and fourth trust deeds, were extinguished by the foreclosure of the second deed of trust; that it was not true that plaintiffs were the owners of the note and third deed of trust by means of assignment by the Crestmore Company; that it was not true that there was an unpaid balance due plaintiffs on their alleged third deed of trust and note in the sum of $7,049.35. It was also found that Ernest A. and Helen Jean Coe had no right, title, or interest in or to the real property involved, or to the surplus yield; that plaintiffs had no right, title or interest in the surplus yield or the real property; that T. E. and Edna Denny, as joint tenants, were entitled to a judgment for the surplus yield.

Plaintiffs' first contention is that the court erred in denying their motion for judgment on the pleadings. It was argued that the only issues raised in the pleadings were issues of law. In the complaint, plaintiffs alleged their ownership of the note secured by the third deed of trust by virtue of an assignment from the Crestmore Company. This was denied, upon lack of information by the defendants. Plaintiffs contend that a judgment may be rendered on the pleadings if the answer consists of denials on information and belief or for want of information or belief *of matters which the defendant is presumed to know* (21 Cal.Jur. 237; *Wickersham* v. *Comerford,* 104 Cal. 494 [38 P. 101] and *Overton* v. *White,* 18 Cal.App.2d 567 [64 P.2d 758, 65 P.2d 99]). No contention is made that the denial contained in defendants' answer ". . . these defendants do not have sufficient information as to the allegation contained therein [as to the fact of assignment] and basing their denial upon that ground, generally and specifically deny the same" is insufficient to raise an issue as to the fact of assignment because it does not follow

the wording of the statute (Code Civ. Proc., § 437, which provides for a denial upon *lack of information or belief*). This type of denial has been held insufficient to raise an issue of ownership (*May* v. *Board of Directors of El Camino Irr. Dist.*, 34 Cal.2d 125 [208 P.2d 661]). However, at the trial plaintiffs treated the question of assignment as an issue, and at the commencement of the trial, introduced in evidence the note bearing on its back the assignment thereof to them. The only evidence as to the assignment was introduced by plaintiff Hinds as will hereafter appear. ■ It is a general rule that where, notwithstanding the fact that the denials in an answer are not as broad as the allegations of the complaint or are otherwise insufficient to put the allegations of the complaint in issue, but the answer is treated as putting the material facts in issue, the plaintiff cannot for the first time on appeal object that such denials were insufficient for any purpose (3 Cal.Jur.2d, § 149; *Adams* v. *Bell*, 5 Cal.2d 697 [56 P.2d 208]; *Hernandez* v. *Hernandez*, 109 Cal.App.2d 903 [242 P.2d 59]). In *Aronson & Co.* v. *Pearson*, 199 Cal. 295, 298-299 [249 P. 191], it was said: "Such a denial will not be held fatally defective upon appeal if it was treated by the parties at the trial as creating an issue, but, since in this case neither party offered any evidence bearing upon the question, there is no ground for holding that it was so treated." Any objection to the sufficiency of the denial in defendants' answer could have been obviated had proper objection thereto been made in the court below. To hold now that the defective answer raised no issue of fact when it was so treated by all the parties and the court upon the trial below would be "clearly unjust."

The situation here is somewhat similar to those cases where issues not raised by the pleadings are litigated at the trial without objection. ■ As stated by Mr. Justice Schauer in *Vaughn* v. *Jonas*, 31 Cal.2d 586, at page 605 [191 P.2d 432]: "The evidence hereinabove reviewed is consistent with the view that the case was tried on the theory that malice was at issue and that punitive damages were claimed. A party cannot permit an issue to be litigated and on appeal escape the consequences by claiming that such issue was not pleaded. (*Slaughter* v. *Goldberg, Bowen & Co.* (1915), 26 Cal.App. 318, 325 [147 P. 90]; *Boyle* v. *Coast Improvement Co.* (1915), 27 Cal.App. 714, 720-721 [151 P. 25]; *Hirsch* v. *James S. Remick Co.* (1918), 38 Cal.App. 764, 767 [177 P. 876]; *Pioneer Truck Co.* v. *Hawley* (1920), 47 Cal.App. 594, 595

[190 P. 1037] ; *McCord* v. *Martin* (1920), 47 Cal.App. 717, 723 [191 P. 89] ; *Avakian* v. *Noble* (1898), 121 Cal. 216, 219 [53 P. 559] ; 8 Cal.Jur. 893.) ''

█ Moreover it is apparent from the phraseology used in plaintiffs' brief on appeal that they considered the denial technically sufficient. Plaintiffs argue (p. 10) ''Defendants Denny admitted all the facts alleged, *except that they denied for lack of information or belief* the alleged assignment of the third trust deed to plaintiffs and the balance which said defendants assumed when they purchased the property· from defendants Coe.

''Plaintiffs moved for judgment on the pleadings on the rule that denials on information and belief *of facts presumptively within the knowledge of the defendants raised no issue. . . .* '' It was also stated that ''The defendants, T. E. Denny and Edna Denny admitted all the allegations of the complaint *except that for lack of information or belief* they denied the allegations of ownership of the third trust deed in the plaintiffs and for the same reason denied the alleged balance due thereunder.'' (Emphasis added.)

It appears here that defendants did not, presumably, have knowledge as to how plaintiffs' alleged assignor derived title since there is no allegation to that effect in the complaint, nor did they know how plaintiffs themselves derived title since the only allegations concerning it is the statement that they claim by virtue of an assignment from the Crestmore Company which, in turn, claimed under a trust deed executed by Russ and Ethyl Green who were, apparently, strangers to the title. It follows that under the circumstances here prevailing plaintiffs cannot now predicate error on the ruling of the trial court in denying their motion for judgment on the pleadings.

It is next contended that the court erred in finding that plaintiffs were not the owners of the third trust deed and note by virtue of assignment. This is, essentially, a contention that the evidence is insufficient to support the findings of the court in this respect. Mrs. Jeannie A. Hinds, the only one of the two plaintiffs to testify, said that she received the note late in the evening on the day before the foreclosure sale. The note was received in evidence. The note, for $10,983.80, secured by a deed of trust, was made payable to ''Crestmore Co., a Limited partnership, P. O. Box 365, Fontana'' and was signed by Russ Green and Ethyl Green. On

the reverse side was endorsed "The undersigned does hereby assign this note to the account of Rowena F. Cockerell and Jeannie A. Hinds, as of the 27th day of August, 1951. [Signed] The Crestmore Co. P. H. Wierman." Plaintiff Hinds testified that "a party" had told her about the Crestmore Company and that she knew there were three members: "Paul and Bob Wierman, brothers, and one other woman. I don't know her name just at this minute, but they were checked on as to the company and being in their name." Plaintiffs were unable to produce the articles of partnership. There was no other evidence as to either the Crestmore Company or the P. H. Wierman who purportedly signed the endorsement other than plaintiff Hinds' testimony that she knew it was his signature. On August 27, 1951, on a plain sheet of paper entitled "To whom it may concern" there was a statement signed by "P. H. Wierman, Crestmore Company" that "Rowena F. Cockerell and Jeannie A. Hinds are the beneficiaries of an escrow in which the assignment of a third trust deed, document No. 1205 recorded at request of Title Insurance & Trust Co., Oct. 1, 1949, at 8 a. m., Book 28401, Page 55, in the Official Records, County of Los Angeles, California, to their account in progress and they have full right and title to said third trust deed and all benefits from such from this day on." It was admitted by plaintiffs that this paper was the only assignment which they had relating to the trust deed. Plaintiff Hinds testified that an escrow was opened on August 29, 1951, for the sale of the note to plaintiffs; that she gave her note for $6300 which was to be returned to her in the event that certain other documents and notes were turned over to the escrow holder in completion of the escrow. The escrow instructions, dated August 28, 1951, read, in part, that "Receipt is hereby acknowledged by Rowena F. Cockerell and Jeannie A. Hinds for trust deed in the amount of ten thousand nine hundred eighty three dollars and eighty cents ($10,983.80) balance due approximately sixty eight hundred dollars ($6,800.00), *delivered outside of escrow and not the concern of this escrow. . . .*" (Emphasis added.)

Plaintiff Hinds' testimony with respect to the Crestmore Company and P. H. Wierman was received over objection that no foundation had been laid, that the answer called for a conclusion of the witness, and that her answers were hearsay. She testified that the signature on the reverse side of the note was that of a Mr. Paul Wierman who was a member of the

Crestmore Company; that the Crestmore Company was a "limited company"; that "a party in San Bernardino" had told her. Defendants objected and moved to strike her testimony on the ground that it was not the best evidence of the partnership and that her answers were "conclusions." The third trust deed was admitted in evidence over the objection that there had been no showing that it had been assigned, or any record of its assignment to the plaintiffs.

Assuming for the moment that the assignment of the note, secured by the third trust deed, was a valid assignment, no further assignment of the deed of trust was necessary. Section 1084 of the Civil Code provides that "The transfer of a thing transfers also all its incidents, unless expressly excepted; but the transfer of an incident to a thing does not transfer the thing itself." (See, also, *Hurt* v. *Wilson*, 38 Cal. 263; *Lewis* v. *Booth*, 3 Cal.2d 345 [44 P.2d 560]; *Marx* v. *McKinney*, 23 Cal.2d 439, 443 [144 P.2d 353]; *Union Supply Co.* v. *Morris*, 220 Cal. 331 [30 P.2d 394].) In *Lewis* v. *Booth, supra,* 3 Cal.2d 345, it was held that an acknowledgment was not necessary to effect an assignment of the trust deed and that the endorsement of the note by the payee was sufficient to transfer the deed of trust without other assignment. In *Santens* v. *Los Angeles Finance Co.,* 91 Cal. App.2d 197 [204 P.2d 619], it was held that the note carries with it the security and the trust deed was merely an incident of the debt and could only be foreclosed by the owner of the note.

Plaintiff Hinds' testimony and the endorsement on the note secured by the third deed of trust showed that it was given on August 27th, 1951, the night before the foreclosure sale under the second deed of trust. If the assignment were otherwise sufficient, it would have been given prior to the foreclosure sale because the time of transfer of the deed of trust is immaterial under the authorities above cited.

While no particular form of assignment is necessary, the assignment, to be effectual, must be a manifestation to another person by the owner of the right indicating his intention to transfer, without further action or manifestation of intention, the right to such other person, or to a third person (Rest. Contracts, § 149(1); *Anglo California Nat. Bank* v. *Kidd,* 58 Cal.App.2d 651 [137 P.2d 460]). The note here was made payable to "Crestmore Co., a Limited Partnership P. O. Box 365, Fontana." The note shows no connection between the Crestmore Company and the P. H. Wierman who

purported to assign it on behalf of that company. The only evidence in the record linking the two is that of plaintiff Hinds who testified she knew a Mr. Paul Wierman who was a member of the firm and that it was his signature. She had been told by a "party" that it was a "limited company." The record is devoid of any evidence showing a compliance with section 2468 of the Civil Code which provides, in part, that "No person doing business under a fictitious name, *or his assignee or assignees, nor any persons doing business as partners* contrary to the provisions of this article or their assignee or assignees shall maintain any action upon or on account of any contract or contracts made, or transactions had under such fictitious name, or their partnership name, in any court of this state until the certificate has been filed and publication made as herein required." (Emphasis added.)

 The burden of proving an assignment falls upon the party asserting rights thereunder (*Read* v. *Buffum, supra,* 79 Cal. 77 [21 P. 555, 12 Am.St.Rep. 131]; *Ford* v. *Bushard,* 116 Cal. 273 [48 P. 119]; *Bovard* v. *Dickenson,* 131 Cal. 162 [63 P. 162]; *Nakagawa* v. *Okamoto,* 164 Cal. 718 [130 P. 707]).

 In an action by an assignee to enforce an assigned right, the evidence must not only be sufficient to establish the fact of assignment when that fact is in issue (*Quan Wye* v. *Chin Lin Hee,* 123 Cal. 185 [55 P. 783]) but the measure of sufficiency requires that the evidence of assignment be clear and positive to protect an obligor from any further claim by the primary obligee (*Gustafson* v. *Stockton etc. R. R. Co.,* 132 Cal. 619 [64 P. 995]). Here there was an assignment on the back of the note secured by the third trust deed which was purportedly signed by P. H. Wierman for the Crestmore Company; there was no competent evidence with respect to the Crestmore Company, its membership, or P. H. Wierman's authority to bind that company. Plaintiffs, claiming as assignees of that company, had the burden of proving the existence and membership of the firm in order to support their claim of ownership of the note and third trust deed (*Welch* v. *Alcott,* 185 Cal. 731 [198 P. 626]). In *Bengel* v. *Kenney,* 126 Cal.App. 735 [14 P.2d 1031], where the plaintiff claimed title under an assignment of a purported assignee of a corporation but the evidence failed to show that the assignment by the corporation was executed by a person having authority to do so, it was held that the evidence failed to show title in the plaintiff by reason of such an assignment. In *Brown* v. *Ball,* 123 Cal.App. 758 [12 P.2d 28], it was held

that the evidence was insufficient to establish the execution of an assignment where there was no evidence to show that it was executed by the person whose name purported to be signed thereto or that the signer had authority as agent to execute the instrument.

■ For the above reasons it appears that plaintiffs failed to prove a valid assignment of the note and third trust deed to them. As assignees they stand in the same position as their assignor, the Crestmore Company, and must prove their chain of title to the note in question. ■ As was said in *Brown* v. *Ball, supra,* 123 Cal.App. 758, ". . . we think that it would be a dangerous innovation to hold that on such proof, without more, an assignment purporting to be executed by an agent, as each of these were, could be introduced into evidence. We are asked to presume not only that the persons whose names are subscribed actually executed the assignments, but also that they had authority to do so merely because they were received through the mail in their present form after having been mailed to the alleged assignors with a request that they be executed." In the present case, we would have to assume the position of Russ and Ethyl Green in the chain of title, that the Crestmore Company had complied with the statutory provisions relating to the use of a fictitious name, and that P. H. Wierman was a member of the firm with the authority to execute an assignment of the note made payable to that firm. Such assumptions, would indeed, constitute a "dangerous innovation."

Plaintiffs contend that the trial court erred in finding that the balance allegedly due them under the third trust deed was not as alleged; that the liens of the third and fourth trust deeds were extinguished by the foreclosure of the second trust deed; and that the defendants were entitled to the surplus funds as owners of an unrecorded deed to the property. Error is also claimed in the admission of testimony, over objection, of the consideration paid by plaintiff to the Crestmore Com-

■ ■ In view of our conclusion that plaintiffs failed to prove a valid assignment to them of the note secured by the third deed of trust, they have no standing to complain of the judgment awarding the surplus yield to the defendants who were the only other claimants therefor. The other errors complained of do not require discussion.

The findings of the trial court are amply sustained by the record, and the findings support the judgment.

The judgment is, therefore, affirmed.

Gibson, C. J., Shenk, J., Traynor, J., and Spence, J., concurred.

EDMONDS, J.—I concur in the judgment solely upon the ground that the record does not show, as a matter of law, that the trust deed under which the appellants claim was executed by one who at that time was the owner of the property.

SCHAUER, J.—I dissent.

Justice Carter's opinion holds that an issue as to the fact of assignment must be presumed to have been raised and that the evidence fails to prove an assignment of the note to the plaintiffs. Neither the record nor the law supports this holding.

The clerk's transcript shows that the answer of the defendants T. E. Denny and Edna Denny does not contain any denial sufficient to raise an issue as to the fact of assignment. The language of the answer is as follows: "Answering Paragraph IV of said complaint, these defendants do not have sufficient information as to the allegation contained therein, and basing their denial upon that ground, generally and specifically deny the same."

It has been the law of this state for the past 95 years that an attempted denial in the form and substance of the language above quoted raises no issue. (*Aronson & Co.* v. *Pearson* (1926), 199 Cal. 295, 297-298 [249 P. 191]; *May* v. *Board of Directors of El Camino Irr. Dist.* (1949), 34 Cal.2d 125, 127 [208 P.2d 661]; *North* v. *Evans* (1931), 117 Cal.App. 317, 320 [3 P.2d 609].) As repeatedly pointed out in the cases section 437 of the Code of Civil Procedure provides that a defendant if he "has no information or belief upon the subject sufficient to enable him to answer an allegation of the complaint . . . may so state in his answer, and place his denial on that ground," but it is wholly insufficient to merely aver lack of information or knowledge as a basis for denial, and, as held in the May case, *supra*, "A denial in that form is insufficient to present an issue on the subject of ownership."

However, even if we assume that the fact of plaintiffs' title to the note (and accompanying security) was placed in issue the ultimate result must be the same. The evidence as to plaintiffs' ownership is uncontradicted. The opinion seeks to avoid its effect on two theories: 1. That the evidence of ownership is not competent or sufficient; 2. That the

plaintiffs' title must fail because they did not prove that the payee of the note, the "Crestmore Co., a Limited Partnership," had complied with section 2468 of the Civil Code.

As to the first contention, the evidence shows without dispute that plaintiffs had possession of the note, that they produced it, and that on the reverse side it was endorsed "The undersigned does hereby assign this note to the account of [plaintiffs] . . . , as of the 27th day of August, 1951. [Signed] The Crestmore Co. P. H. Wierman." The note was purchased through an escrow for a consideration purporting to amount to a value of at least $6,300. The production of the note, without more, was sufficient evidence of ownership. It is presumed that "things which a person possesses are owned by him" (Code Civ. Proc., § 1963, subd. 11) and when a note purporting to bear the endorsement of the payee is produced by the transferee it is presumed that the transferee has acquired it for value and is the owner thereof (*Waldrip* v. *Black* (1887), 74 Cal. 409, 411-412 [16 P. 226]; *Ramboz* v. *Stansbury* (1910), 13 Cal.App. 649, 652 [110 P. 472]; *Carver* v. *San Joaquin Cigar Co.* (1911), 16 Cal.App. 761, 769 [118 P. 92]). Under the circumstances shown the evidence does not support a finding that plaintiffs do not have title. (*Reinert* v. *Proud* (1935), 8 Cal.App.2d 169, 171 [47 P.2d 491]; see also *Sipe* v. *W. I. Hollingsworth & Co.* (1950), 99 Cal.App.2d 391, 392 [221 P.2d 991].)

The second contention in the majority opinion—that plaintiffs must fail because they did not prove that their predecessor in interest, the Crestmore Company, had complied with section 2468 of the Civil Code—is wholly devoid of merit. This is not an action to recover on the note; it is a proceeding for declaratory relief. If the plaintiffs are the owners of the note but cannot maintain an action on it until their predecessors have complied with section 2468 the court should so declare. Section 2468 cannot work a forfeiture of the plaintiffs' title to the note or to the funds here involved; it could, at most, be availed of as a plea in abatement in an action on the note. (*Kadota Fig Assn.* v. *Case-Swayne Co.* (1946), 73 Cal.App.2d 796, 802 [167 P.2d 518].) Furthermore, the pleadings in this case are completely silent on this issue; there is no plea in abatement. 'A plaintiff is not required to allege or prove compliance with this section, since noncompliance is a matter of defense, and the issue cannot be raised for the first time on appeal. (*Phillips* v. *Goldtree* (1887), 74 Cal. 151, 154-155 [13 P. 313, 15 P. 451]; see, also,

*Vance* v. *Gilbert* (1918), 178 Cal. 574, 578 [174 P. 42].) ''The rule is also settled that it is not necessary that the plaintiffs have complied with the statute at the time of the commencement of the action; that it is sufficient if they have done so at the time at least when issue as to the matter of abatement is made.'' (*Rudneck* v. *Southern California M. & R. Co.* (1920), 184 Cal. 274, 282 [193 P. 775].) Here, that issue has never been made.

It follows that the judgment of the trial court should be reversed.

Appellants' petition for a rehearing was denied March 25, 1954. Schauer, J., was of the opinion that the petition should be granted.